UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
RONALD SPRATT,

               Plaintiff,

      -v-

VERIZON COMMUNICATIONS INC., ET AL,
               Defendants.
--------------------------------------------------------------- X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: DEC 2 0 2012

11 Civ. 00273 (AJN)

OPINION

ALISON J. NATHAN, District Judge:

    Defendant Verizon Communications Inc. ("Verizon") moves for summary judgment on Ronald Spratt's claims in his Amended Complaint, all of which arise under Title VII, 42 U.S.C. § 2000e, *et seq*, (Dkt. No. 16) on the grounds that Spratt's claims are time-barred. Plaintiff opposes this motion and also cross-moves to amend his Complaint to add a cause of action under 42 U.S.C. § 1981. For the reasons stated below, Verizon's motion for summary judgment is GRANTED, but Spratt's motion for leave to amend his complaint to add a cause of action under § 1981 is also GRANTED.

## I. MOTION FOR SUMMARY JUDGMENT

    Summary judgment is proper only if there is no genuine dispute of material fact and the movant is entitled to judgment as a matter of law. *Ramos v. Baldor Specialty Foods, Inc.*, 687 F.3d 554, 588 (2d Cir. July 12, 2012). In reviewing the evidence on a motion for summary judgment, courts are to construe the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor. *Id.* A fact is material if it might affect the outcome of the suit under the governing law and an issue is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Id.*

    Spratt's Amended Complaint alleges that he was hired by Verizon on January 15, 1990.

(Am. Compl. ¶ 10). On April 3, 2009, according to Spratt's Amended Complaint, Spratt was

handed a letter advising him that he was on a ten day suspension pending his termination. (Am.

Compl. ¶ 48). It is undisputed that Verizon terminated Mr. Spratt on April 13, 2009. (Am.

Compl. ¶¶ 7, 10, 49; Miklave Aff. Ex. 2 at 2; Spratt Opp. at 2). Spratt filed a charge of

discrimination with the Equal Opportunity Employment Opportunity Commission ("EEOC") and

the New York State Division of Human Rights ("SDHR") on April 1, 2010, 353 days after his

termination, (Miklave Aff. Exs. 2, 3; Spratt Opp. at 1-3; Spratt CSMF ¶ 1). As such, Spratt's

claims under Title VII are time-barred because the statute requires that the EEOC complaint be

filed within 300 days of termination. *See Lore v. City of Syracuse*, 670 F.3d 127, 169 (2d Cir.

2012); *Riddle v. Citigroup*, 449 Fed. Appx. 66, 69 (2d Cir. 2011) (unpublished); *McPherson v.*

*N.Y. City Dep't of Educ.*, 457 F.3d 211, 213 (2d Cir. 2006).

Spratt does not argue that his EEOC or SDHR complaints were filed within 300 days of

his termination; rather, he points to letters he received regarding the denial of his internal

Verizon grievances and his ongoing internal Verizon ethics complaint, which he characterizes as

"ongoing harassment." (Spratt Opp. at 2-3). The filing of a grievance does not delay the start of

the 300-day period. *Arias-Mieses v. CSX Transp., Inc.*, 630 F. Supp. 2d 328, 332 (S.D.N.Y.

2009); *see also Joseph v. New York City Bd. of Educ.*, 171 F.3d 87, 91 (2d Cir. 1999); *Frank v.*

*New York State Elec. & Gas*, 871 F. Supp. 167, 172 (W.D.N.Y. 1994). In addition, Spratt has

not alleged discrimination based on the denial of these grievances in his Amended Complaint,

nor does his opposition or the attached exhibits suggest wrongful conduct in the denial of these

grievances. Moreover, even assuming that the denial of these grievances *could* support a cause

of action, they too appear to be time-barred: several of these denials occurred more than 300

days prior to April 1, 2010 and it does not appear these issues were raised in Spratt's EEOC or

SDHR complaint.  (Miklave Aff. Ex. 2).

Spratt also argues that, under Federal Rule of Civil Procedure 56(d), a court may defer ruling on a motion for summary judgment to allow time for additional discovery.  However, none of the discovery Spratt seeks could alter the Court's conclusion  that his Title VII claims are time-barred, as the outstanding discovery relates to the merits of whether discrimination occurred, not whether his claim is time-barred.  (Opp. at 4-6).  Indeed, Spratt expressly does not contest the date of filing of his EEOC complaint or date of termination, which are the two key facts at issue in this motion.  (Spratt CSMF ¶¶ 1-2; Am. Compl. 10, 49).

Verizon's motion for summary judgment is GRANTED.

## II.  MOTION TO AMEND

In the alternative, Spratt also requests leave to amend his pleadings to allege a claim for discrimination under 42 U.S.C. § 1981.  Verizon opposes this request, arguing that the date to amend the complaint set by the scheduling order has passed, and Federal Rule of Civil Procedure 16(b) requires a showing of "good cause" to modify this order.  *See Wolk v. Kodak Imaging Network, Inc.*, 840 F. Supp. 2d 724, 737 (S.D.N.Y. 2011).  The scheduling order entered on May 13, 2011, provides that "[n]o pleading may be amended after June 27, 2011" and discovery was set to close on November 18, 2011.  (Dkt. No. 20).  After a conference with the parties, the undersigned extended the discovery deadline until July 20, 2012.  However, as addressed at previous conferences, discovery in this matter remains ongoing due to disputes between the parties, particularly as to whether Verizon should be required to respond to Spratt's document requests and, if so, to what extent.  Discovery was deferred while Verizon briefed its motion for summary judgment, based on the potentially case-dispositive nature of that motion.

Rule 15(a)(2) provides that the Court "should freely give leave" to amend "when justice

3

so requires." Leave to amend is within the discretion of the trial court, but should be granted only when factors such as undue delay or undue prejudice to the opposing party are absent. *SCS Communs., Inc. v. Herrick Co.*, 360 F.3d 329, 345 (2d Cir. 2004). Under Rule 16(b), however, a party must demonstrate "good cause" to request a modification of a scheduling order, which typically depends on the diligence of the moving party. *See Kassner v. 2nd Ave. Delicatessen, Inc.*, 496 F.3d 229, 243 (2d Cir. 2007). Rule 16 (b) is directed to providing district courts "discretion to ensure that limits on time to amend pleadings do not result in prejudice or hardship to either side." *Id.* at 244.

On balance, the Court concludes that Spratt should be allowed to amend his complaint to assert a cause of action under § 1981. Verizon has identified no undue prejudice that would result from the amendment, and the Court is not aware of any such prejudice, particularly given that the substance of Spratt's § 1981 claim parallels his presently asserted (but time-barred) Title VII claims. *See Whidbee v. Garzarelli Food Specialties, Inc.*, 223 F.3d 62, 69 (2d Cir. 2000); *see also White v. Eastman Kodak Co.*, 368 Fed. Appx. 200, 202 n.1 (2d Cir. 2010) (unpublished) ("The same elements constitute a claim for employment discrimination under 42 U.S.C. § 1981 as constitute a claim under Title VII."). In contrast, denying Spratt's amendment would effectively preclude him from pursuing his claims for discrimination.

As to Spratt's delay in seeking leave to amend, the Court notes several factors that point in favor of granting leave. First, Spratt is a *pro se* litigant and, although this does not excuse him from the procedural rules of this Court, it does entitle him to special solicitude. *See Tracy v. Freshwater*, 623 F.3d 90, 101 (2d Cir. 2010). Second, Spratt's request for leave to amend was apparently prompted by Verizon's decision to seek summary judgment against his Title VII claims as time-barred, which itself came relatively late in this litigation. Indeed, given the

4

similarity of Title VII claims to § 1981 claims, it does not appear unreasonable for Spratt to have refrained from filing a potentially duplicative claim until this time. *Cf. Dawson v. Pelican Mgmt.*, 2011 U.S. Dist. LEXIS 125112, at *6-7 (E.D.N.Y. Oct. 28, 2011) (despite missing deadline to amend, formerly *pro se* plaintiff moved to amend as soon as she retained counsel, and therefore demonstrated sufficient diligence). Third, unlike *Wolk v. Kodak Imaging Network*, relied on by Verizon, discovery in this case is ongoing and, therefore, this factor does not weigh heavily against the request to amend. *See Wolk*, 840 F. Supp. 2d at 737-38.

## CONCLUSION

Verizon's motion for summary judgment is GRANTED. However, Spratt is granted leave to amend to assert a claim under 42 U.S.C. § 1981. Any amendment shall be made no later than January 18, 2013. A conference is set for January 10, 2013, at 3:30 pm in Courtroom 17B to discuss the dispute between the parties regarding document production.

Dated: December **20**, 2012
    New York, New York

_____
    ALISON J. NATHAN
    United States District Judge

COPIES MAILED
TO *PRO SE PARTY*    12/20/12